**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Christopher Bales, Nadia N. Kub, and Layla Kub,
Defendants,

Of whom Christopher Bales is the Appellant

and

Nadia N. Kub and Layla Kub are Respondents.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2023-001185

———————

Appeal From Richland County
M. Scott Rankin, Family Court Judge

———————

Unpublished Opinion No. 2024-UP-148
Submitted April 17, 2024 – Filed April 29, 2024

———————

**AFFIRMED**

———————

Kindle Kay Johnson, of K. Johnson Law Firm, LLC, of
Rock Hill, for Appellant.

Nicholas Jordan Sharpe, of Ashby Jones and Associates LLC, of Lexington, for Respondent South Carolina Department of Social Services.

Earnest Deon O'Neil, of Columbia, for Respondent Nadia N. Kub.

Layla Kub, of Hopkins, pro se.

Angela L. Kohel, of Richland County CASA, of Columbia, for the Guardian ad Litem.

---

**PER CURIAM:**  Christopher Bales appeals the family court's final order granting custody of his minor child to Layla Kub and closing the case.  *See* S.C. Code Ann. § 63-7-1700(C) (Supp. 2023) ("At the permanency planning hearing, the court shall approve a plan for achieving permanence for the child."); S.C. Code Ann. § 63-7-1700(G)(1) (Supp. 2023) (stating the family court may award custody to a fit and willing relative when a child cannot safely be returned to his or her parents and termination of parental rights is not in the child's best interest).  Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), we find no meritorious issues warrant briefing.[1]  Accordingly, we affirm the family court's ruling and relieve Bales's counsel.

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] *See S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated February 2, 2005 (expanding the *Cauthen* procedure to situations in which "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.